UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
CALVIN BAILEY as Proposed Administrator of the
Estate of MARILYN BAILEY, and LAVELLE BAILEY,
individually,

                         Plaintiffs,                          **MEMORANDUM and ORDER**

           -against-                              07-CV-2949 (SLT) (VVP)

BOSTON SCIENTIFIC CORPORATION, COOK, INC.,
and COOK VASCULAR, INC.,

                        Defendants.
-------------------------------------------------------------------------x
**TOWNES, United States District Judge:**

In February 2005, Marilyn Bailey underwent surgery at Irvine Community Hospital to have a vena cava filter implanted.  Notice of Removal, Ex. A. (Amended Verified Complaint) at ¶ 21.  Subsequent to surgery, Marilyn Bailey died.  *Id.* at ¶ 23.  Plaintiffs Calvin Bailey and Lavelle Bailey filed a Supplemental Summons and Amended Complaint on June 18, 2007, in the Supreme Court of the State of New York, Kings County Court against defendants, Boston Scientific Corporation ("BSC"), Cook, Inc., and Cook Vascular, Inc. (the "Cook defendants"), naming seven causes of actions and principally alleging that the vena cava filter malfunctioned, caused injury to Marilyn Bailey, resulting in her death.  *Id.* at ¶¶ 1, 20-79.  Plaintiffs reside in New York as did decedent.  *Id.* at ¶ 1.  Plaintiffs' amended complaint does not allege a specific amount in controversy.

On July 20, 2007, BSC timely removed the action to federal court on the ground that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See* Notice of Removal.  BSC avers that it is a Delaware corporation and maintains its principal place of business in Massachusetts.  *Id.* at ¶ 6.  BSC states that Cook, Inc. is an Indiana corporation with its principal place of business in Indiana.  *Id.* at ¶ 7.  BSC also states that Cook Vascular Inc. is a

Pennsylvania corporation with its principal place of business in Pennsylvania. *Id.* at ¶ 8.

Although not conceding the point, BSC asserts that the value of plaintiffs' claims will probably

exceed the sum or value of $75,000. *Id.* at ¶ 11. Counsel representing BSC signed the Notice of

Removal. *Id.* at 5. The Notice of Removal contains no document authored by the Cook

defendants indicating consent to removal. *See* Notice of Removal. Instead, in the Notice of

Removal, BSC writes, "[c]ounsel for co-defendants Cook, Inc., and Cook Vascular, Inc., ... has

advised us that [the Cook defendants] consent to and join in the request for removal of this

action to the United States District Court, Eastern District of New York." *Id.* at ¶ 4. In this

Court, counsel for the Cook defendants filed Notices of Appearance on August 7, 2007, and an

answer on August 24, 2007, well-past the thirty-day removal period. *See* Docket Entries 6, 7,

10. Plaintiffs move this Court for removal on the ground that all named defendants did not

adequately consent to the removal of this action pursuant to 28 U.S.C. § 1447. *See* Plaintiffs'

Memorandum of Law at 3-7. Plaintiffs reference the "rule of unanimity" to argue that all named

defendants over whom the state court acquired jurisdiction must join in the removal petition for

removal to be proper. *Id.* at 4-5. Plaintiffs charge that the Cook defendants failed to join BSC in

its Notice of Removal; failed to file their own Notice of Removal within the thirty-day removal

period; and failed to file any unambiguous written evidence of their consent to BSC's Notice of

Removal with this Court. *Id.* at 5-6. According to plaintiffs, the statement in BSC's Notice of

Removal that the Cook defendants advised BSC that they consented to and joined in the request

for removal does not suffice because it is not enough for a defendant who has not signed the

removal petition to merely advise the removing defendant that it consents to removal. *Id.* at 6.

With respect to the Notices of Appearance filed by counsel for the Cook defendants on August 7,

2007, plaintiffs argue that the Notices of Appearance do not constitute written evidence of

consent to removal and are deficient because these Notices of Appearances were not filed within thirty days following receipt by the defendants of a copy of the Supplemental Summons and Amended Complaint as required by 28 U.S.C. § 1446(b). *Id.* at 6 n.1.

BSC argues that the Cook defendants "informed us both in writing and through telephone conversations with their counsel ... that they consented to the removal of the action .... This consent is evidenced by a series of e-mails between [counsel for the parties] ... prior to the actual filing of the Notice of Removal." BSC Memorandum in Opposition at 4-5. BSC attaches copies of these e-mails in opposition to remand but BSC did not attach these documents to the Notice of Removal. *See* Certification of Peter C. Contino, at Ex. C. BSC stresses that in the Notice of Removal, "we clearly and unambiguously informed the Court, in writing, that we had received" the Cook defendants consent. BSC Memorandum in Opposition at 5.

In opposition to plaintiffs' remand motion, the Cook defendants assert that they did not file a separate written document because 28 U.S.C. § 1446 contains no requirement that each consenting defendant sign the Notice of Removal or file a document that serves as an independent joinder. *See* Cook Defendants' Memorandum of Law at 2. The Cook defendants explain that in "contemplating removal," it reviewed decisions written by Magistrate Judge James Orenstein indicating that "when a Complaint is filed in New York state court, a defendant should utilize the procedure contained in NY CPLR § 3017(c) to request a supplemental demand for damages *before* filing a Notice of Removal." *Id.* at 4-5 (emphasis in original). The Cook defendants also write, "Cook believed that filing a Notice of Removal would be premature because the plaintiffs had not indicated to a certainty that their demand would exceed $75,000." *Id.* at 5. Notwithstanding its hesitation to file a notice of removal, the Cook defendants assert that they nonetheless "consented to BSC's removal of this action." *Id.* at 7.

**DISCUSSION**

A defendant may remove a state court action to federal court if the action could have originally been filed in federal court. *Ell v. S.E.T. Landscape Design, Inc*., 34 F. Supp. 2d 188, 190 (S.D.N.Y. 1999) (internal quotations omitted). A removing party bears the burden of demonstrating both the existence of subject-matter jurisdiction and compliance with the relevant procedural requirements. *St. Vincent's Hosp. v. Taylor*, No. CV 07-0967 (ILG) (JO), 2007 WL 2325073, at *2, (E.D.N.Y.2007). "Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005). Here, defendants adequately establish that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The defendants and plaintiffs are citizens of different states and the values of plaintiffs' claims should exceed $75,000.

Although 28 U.S.C. § 1446 does not explicitly require that all defendants consent to removal, courts have consistently inferred that the statute does in fact require unanimous consent within the statutory thirty-day period. *Bill Wolf Petroleum Corp. v. The Vill. of Port Washington North, et al.*, 489 F. Supp.2d 203, 207 (E.D.N.Y. 2007). The so-called "rule of unanimity" applies to cases removed pursuant to diversity jurisdiction. *Borden v. Blue Cross and Blue Shield of Western N.Y., et al.*, 418 F. Supp.2d 266, 270 (W.D.N.Y. 2006) (internal citations omitted). "Subsection 1447(c) authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *Codapro Corp. v. Wilson, et al*., 997 F. Supp. 322, 325 (E.D.N.Y. 1998) citing *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., et al.*, 31 F.3d 70, 72 (2d Cir. 1994). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of

unambiguous written evidence of consent to the court in timely fashion." *Codapro*, 997 F. Supp. at 325 (internal quotations omitted).

Defendants rely on the following facts to establish compliance with the rule of unanimity: (1) the Cook defendants informed BSC that they consented to removal; (2) BSC filed a notice of removal stating that the Cook defendants consented to removal; (3) after the thirty-day removal period, the Cook defendants filed Notices of Appearances in this Court; and (4) the Cook defendants filed their own memorandum of law in opposition to remand evidencing their consent to removal.

Several courts have held that it is insufficient for a defendant who has not signed the removal petition to merely advise the moving defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Plaintiffs rely heavily on *Codapro*. There, Codapro filed suit against several defendants raising causes of action including common law fraud and promissory estoppel. *Id.* at 324. One defendant, Samuel L. Boyd, an attorney who appeared as a *pro se* defendant, removed the matter to federal court. *Id.* In opposition to Codapro's motion for remand, Boyd submitted letters written by the other defendants indicating their consent to removal. *Id.* The district court noted that none of the defendants filed a notice of appearance with the Court or "any papers in this Court indicating their consent to the removal." *Id.* The Court pointed out that none of the other defendants signed the notice of removal, and, after the filing of the notice, none of the other defendants filed anything in the court, "much less the separate 'pleading' manifesting their consent to remove that is required to satisfy the 'rule of unanimity." *Id.* at 326. "Accordingly, there must be some timely filed written indication **from each** defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually

consented to such action." *Id.* at 325 (internal quotations omitted) (emphasis supplied).

Other cases bear similar facts to the instant case. In *Payne v. Overhead Door Corp., Loading Dock Inc., et al.* 172 F.Supp.2d 475 (S.D.N.Y. 2001), the district court granted plaintiff's motion to remand. *Id.* at 476. Plaintiff filed suit against three defendants. *Id.* One defendant filed a Notice of Removal stating that its co-defendants consented to removal but the notice "lacked any evidence of consent by the non-petitioning co-defendants themselves." *Id*. Subsequent to removal, plaintiff moved to remand and all three defendants filed briefs in opposition. *Id.* But these briefs were not filed within the thirty-day time period allotted for removal by 28 U.S.C. § 1446(b). *Id.* In *Payne*, the Court reasoned that "even though a defect in removal procedure is not jurisdictional, the removal statute, especially with reference to diversity jurisdiction cases, must be strictly construed." *Id.* at 477. The Court wrote, "policy dictates that abandoning the bright-line rule adhered to by a plethora of cases across the nation in favor of a discretionary approach would lead to uncertainty and encourage litigation about matters peripheral to the merits of lawsuits." *Id*. (internal citations omitted). Recently, in *Chabowski v. Caterpillar, Inc.*, 07-cv-102S(F), 2007 U.S. Dist. LEXIS 64035, at *1 (W.D.N.Y. Aug. 28, 2007), the district court granted plaintiff's motion to remand because defendant Caterpillar failed to file a consent to the second defendant's removal petition which "stated that Caterpillar did not object to removal." *Id.* Caterpillar filed an answer after the 30 days removal period failing to mention its assent to removal and the Court found that Caterpillar never "filed anything manifesting its consent to remove as required to satisfy the rule of unanimity." *Id.* at *4.

The facts in *Chabowski* are similar to the facts in *Bailey* and the current motion before the Court. Here, the Cook defendants filed Notices of Appearances and an answer after the 30 day removal period failing to mention any consent to removal. Notwithstanding the silence of

these documents as to consent, the Cook defendants and BSC argue that filing these documents

somehow demonstrates the Cook defendants' consent to removal.

Defendants rely on an earlier case, *Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649,

652 (S.D.N.Y. 1978). There, plaintiff sued two entities. *Id.* at 650. One defendant filed the

notice of removal and "represented that the other defendant ... had ... consented to removal." *Id.*

at 652. Plaintiff moved to remand on several grounds including lack of unanimous consent. *Id.*

In opposition to remand, the non-filing defendant filed an affidavit consenting to removal after

the thirty-day removal period had elapsed. *Id.* The Court found that defendant's affidavit

consenting to removal cured any defect and plaintiff had not been prejudiced since, presumably,

plaintiff would have moved on the other grounds asserted for remand.

Reliance on *Sicinski* and other cases cited by defendants is problematic because, in doing

so, the Court would fail to acknowledge principles associated with removal. Namely, the

removal statute does not invest courts with the discretion to overlook or excuse a failure to meet

the removal statute's requirements. *Codapro*, 997 F. Supp. at 325 (internal citations omitted).

"Subsection 1447(c) authorizes a remand on the basis **of any defect in removal procedure** or

because the district court lacks subject matter jurisdiction." *Id.* at 324 (internal quotations

omitted) (emphasis supplied). District courts invariably cite to the principle that "removal

jurisdiction must be strictly construed both because the federal courts are courts of limited

jurisdiction and because removal of a case implicates significant federalism concerns."

*Codapro*, 997 F.Supp. at 324 (internal quotations omitted).

Within the thirty day removal period, BSC filed a notice of removal stating that the Cook

defendants consented to removal. The Cook defendants did not sign the notice of removal nor

did they attach an affidavit to the notice. The Cook defendants filed Notices of Appearances

after the thirty day removal period.  These Notices were not accompanied by, for example, a

letter or affidavit indicating unambiguous consent to removal.  Nor did the Cook defendants

attach the copies of the e-mail communication BSC now attaches in defense of removal.  Instead,

the Cook defendants oppose remand by simultaneously claiming they expressed consent to the

removal by BSC even though they had doubts to the propriety of removal due to several

decisions authored by Magistrate Judge James Orenstein.  Therefore, the efforts by the Cook

defendants and BSC to demonstrate compliance with the rule of unanimity fail.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' motion to remand the action to

the Supreme Court of the State of New York, County of Kings.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 7, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge